UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FACEBOOK INTERNET
TRACKING LITIGATION                                                                                                                                MDL No. 2314

**TRANSFER ORDER**

      **Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiffs in the Northern District of California *Davis* action move to centralize this litigation in the Northern District of California.  This litigation currently consists of eleven actions pending in ten districts, as listed on Schedule A.[1]

      No party opposes centralization.  Common defendant Facebook, Inc. (Facebook) supports centralization and suggests that the Panel rename the litigation "In re: Facebook Cookies Litigation."  Moving plaintiffs oppose this request as an unduly narrow description of their claims.

      On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual allegations that Facebook improperly tracked users' internet activity after users had logged out of their Facebook accounts.  Plaintiffs in all actions bring claims under the federal Wiretap Act, 18 U.S.C. § 2511.  Additional claims include violation of the Stored Electronic Communications Act, 18 U.S.C. § 2701, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, as well as common law claims for intrusion upon seclusion/invasion of privacy, unjust enrichment, and trespass to chattels.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial

---

    [*]  Judge W. Royal Furgeson, Jr., took no part in the decision of this matter.

    [1]  The Panel also has been notified of nine potentially related actions filed in the Northern District of California.  Moving plaintiffs contend that certain of these actions are not related and should not be assigned to the MDL.  Because these actions are pending in the transferee court, the Panel need not determine whether the actions should be included within the MDL proceedings.  *See* Panel Rule 7.2(a) ("Potential tag-along actions filed in the transferee district do not require Panel action.  A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.").

    Another six potentially related actions are pending in, respectively, the Western District of Arkansas, the District of Hawaii, the District of Montana, the Western District of Oklahoma, the District of Rhode Island and the Western District of Washington.  These and any other related actions are potential tag-along actions.  *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

-2-

rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California is the most appropriate transferee district. Two actions and several potentially related actions are already pending in this district. Common defendant Facebook is headquartered in the Northern District of California, where relevant documents and witnesses are located.

Further, we decline to accept Facebook's suggestion that we rename the litigation "In re: Facebook Cookies Litigation," as doing so would imply an unduly restrictive scope on this litigation. Moving plaintiffs characterize their claims as involving more than just tracking cookies. We are of the opinion that the current title is a neutral description of plaintiffs' allegations.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward J. Davila for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

                                        PANEL ON MULTIDISTRICT LITIGATION

                                        _____
                                                  John G. Heyburn II
                                                      Chairman

Kathryn H. Vratil          Barbara S. Jones
Paul J. Barbadoro         Marjorie O. Rendell
Charles R. Breyer

IN RE: FACEBOOK INTERNET
TRACKING LITIGATION                                                      MDL No. 2314

## SCHEDULE A

### Northern District of Alabama

Alexandria Parrish v. Facebook, Inc., C.A. No. 2:11-03576

### District of Arizona

Sharon Beatty v. Facebook Inc., et al., C.A. No. 2:11-01964

### Northern District of California

Perrin Aikens Davis, et al. v. Facebook, Inc., C.A. No. 5:11-04834
Lana Brkic v. Facebook, Inc., C.A. No. 5:11-04935

### Southern District of Illinois

Dana Howard v. Facebook, Inc., et al., C.A. No. 3:11-00895

### District of Kansas

John Graham v. Facebook, Inc., et al., C.A. No. 2:11-02556

### Western District of Kentucky

David M. Hoffman v. Facebook, Inc., et al., C.A. No. 5:11-00166

### Middle District of Louisiana

Janet Seamon v. Facebook, Inc., C.A. No. 3:11-00689

### Western District of Missouri

Chandra L. Thompson v. Facebook, Inc., C.A. No. 2:11-04256

### Northern District of Mississippi

Brooke Rutledge v. Facebook, Inc., C.A. No. 3:11-00133

### Western District of Texas

Michael Singley v. Facebook, Inc., C.A. No. 1:11-00874